**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SILVIO COLAGIOVANNI;<br>CATHERINE COLAGIOVANNI;<br>NICO COLAGIOVANNI PPA<br>SILVIO COLAGIOVANNI and<br>ALANA COLAGIOVANNI PPA<br>SILVIO COLAGIOVANNI<br>    *Plaintiffs,*<br><br>v.<br><br>AMAZON.COM, INC. d/b/a AMAZON<br>PACIFIC SPECIALITY INSURANCE<br>and RICHARD DYCE<br>    *Defendants.* | C.A. No.:  3:26-cv-714 |

## NOTICE OF REMOVAL

TO:    THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF CONNECTICUT

Defendants Amazon.com, Inc. (improperly named "Amazon.com, Inc. d/b/a Amazon")
(hereinafter, "Amazon") and Richard Dyce file this Notice of Removal of the above-captioned
action from the Superior Court of Connecticut, Judicial District of New Haven, to the United States
District Court for the District of Connecticut. This action is removable under 28 U.S.C. § 1441
because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a)-(c) had
Plaintiffs filed this action initially in federal court.  Federal jurisdiction exists pursuant to 28 U.S.C.
§ 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, the
amount in controversy exceeds $75,000, and none of the Defendants are a citizen of Connecticut.
Further, Removal is proper pursuant to 28 U.S.C. § 1446(b)(3), because this is a matter that was
not removable based on the initial pleading, but it is being filed within thirty days after April 9,

2026, when Plaintiffs served a Revised Complaint and served Answered Interrogatories from which it could be ascertained that the case is removable.

### A.    Complete Diversity Exists

1.    According to the Revised Complaint, Plaintiffs Silvio Colagiovanni, Catherine Colagiovanni, Nico Colagiovanni PPA Silvio Giovanni, and Alana Colagiovanni PPA Silvio Giovanni (together "Plaintiffs"), owned a home and resided at 12 Green Hill Road, North Haven, CT on September 15, 2022.  Exhibit 1, Revised Complaint (Dkt No. 114.00), Count One, ¶1. Although Plaintiffs vacated the residence for approximately 75 days following the subject fire on September 15, 2022, Ex. 1, Count 1, ¶10(a); Plaintiffs returned and lived at the home when this action was commenced in September of 2025 and as recently as April 2026. Exhibit 2, Summons; *see also* Exhibit 6, April 9, 2026 Answers to Interrogatories of Silvio Colagiovanni to Amazon, No. 1; Exhibit 7, April 9, 2026 Answers to Interrogatories of Catherine Colagiovanni to Amazon, No. 1. Plaintiffs' residence and demonstrated intent to return to the home following the fire reflects that it is their domicile. *Innovative Inflatables, LLC v. Ally Bank*, 602 F. Supp. 3d 315, 318 (D. Conn. 2022) (defining "domicile" as "the place to which, whenever he is absent, he has the intention of returning") citing *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). Accordingly, for purposes of diversity jurisdiction, Plaintiffs are citizens of Connecticut. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (an individual's citizenship for diversity purposes is determined by their domicile).

2.    Plaintiffs name Amazon.com as a Defendant. For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Schneiderman v. Am. Chem. Soc'y*, 172 F.4th 158, 163 (2d Cir. 2026).  Amazon is incorporated under the laws of Delaware and its principal place of

business is in the State of Washington. Accordingly, Amazon is a citizen of Delaware and Washington. Exhibit 3, Amazon.com, Inc's Corporate Disclosure, ¶2.

3.      Plaintiffs also name Richard Dyce as a Defendant. Mr. Dyce is a citizen of Florida. *See* Exhibit 4, Declaration of Richard Dyce. The Revised Complaint alleges that "at the time of the incidents referred to in the Complaint [Mr. Dyce] resided in the Greater New Haven, Connecticut area … ." Ex. 1, Count Two, ¶5. The referenced "incidents" began "[a] short time prior to September 15, 2022," when Plaintiff Silvio Colagiovanni purchased from Amazon the products that he alleges caused a fire and are the subject of this lawsuit. Ex. 1, ¶¶7-8.

4.      Mr. Dyce's attached Declaration affirms that he had his domicile in the State of Florida since July 2020, some two years before Plaintiffs allege they purchased, received, or sustained damages from the products purchased from Amazon that form the basis of this lawsuit. Ex. 4, ¶¶5, 8. He has not lived, worked, or had his domicile in Connecticut since June 2020. Ex. 4, ¶¶7-8. Therefore, Mr. Dyce was a citizen of Florida at the time this Action was initiated in September of 2025, and at the time of the "incidents" described in the Revised Complaint in or around September of 2022. *Palazzo* 232 F.3d at 42 (an individual's citizenship for diversity purposes is determined by their domicile); *see also Doctor's Associates LLC vs. Beri*, D. Conn., No. 3:25-CV-1661 (JCH) (Mar. 5, 2026) ("when there is a factual dispute as to a party's citizenship in connection with a Removal, courts have turned to evidence outside of the Notice of Removal to resolve the question of diversity), *citing Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

5.      Plaintiffs allege that Defendant Pacific Specialty Insurance Company is a California Company with a principal place of business at 5515 E. La Palma Avenue, Suite 150, Anaheim, CA 92807.  Ex. 1, Count Three, ¶ 1. Pacific Specialty Insurance Company has confirmed

that it is a business incorporated under the laws of California and has a principal place of business in California. Exhibit 5, Consent to Removal of Pacific Specialty Insurance Co. Accordingly, Defendant Pacific Specialty Insurance Company is citizen of California.

6. Plaintiffs are Connecticut citizens; Amazon is a citizen of Delaware and Washington; Richard Dyce is a citizen of Florida; and Pacific Specialty Insurance Company is a citizen of California. Complete diversity of citizenship therefore exists under 28 U.S.C. § 1332.

### B. The Amount in Controversy Exceeds $75,000

7. Plaintiffs' Revised Complaint, filed on April 9, 2026, alleges that Plaintiffs sustained damages that consist of (a) costs to live in substitute housing valued in excess of $25,000; (b) the loss of personal possessions, valued at approximately $86,000; (c) financial losses related to replacing personal possessions and related expenses in excess of $36,000; (d) diminution in value of their home valued at $59,000; (e) other related expenses valued $5,000; and (f) pain, suffering, and emotional distress and inconvenience which Plaintiffs allege to be valued no less than $100,000 for each plaintiff. Ex. 1, Count 1, ¶10(a)-(f); Count 2, ¶12(a)-(f).

8. The $75,000 amount in controversy requirement for diversity jurisdiction may be established by the face of the complaint and the dollar-amount actually claimed. *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 84 (D. Conn. 2014) citing *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.,* 347 F.3d 394, 397 (2d Cir.2003).

9. Plaintiffs Silvio Colagiovanni and Catherine Colagiovanni also served their Answers to Interrogatories to Amazon on April 9, 2026, which similarly identify unreimbursed damages in excess of $150,000, plus emotional distress damages "no less than $100,000 per person for each of the four Plaintiffs." *See* Ex. 6-7, No. 3.

4

10.     The Revised Complaint and Plaintiffs' Answers to Interrogatories allege damages in excess of $75,000; therefore, the amount in controversy requirement for diversity jurisdiction is met.

### C.     All Defendants Consent to Removal

11.     In cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Gibson v. Dolliver*, D. Conn., No. 3:18-CV-01825 (JCH) (Apr. 2, 2019) ("district courts in this Circuit have generally required each defendant to 'either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within [ ] thirty days [of receiving service of the initial pleading].' *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14 CIV. 9059 PAE, 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015) (collecting cases)."

12.     A Return of Service demonstrating service on all defendants is attached hereto as Exhibit 8.

13.     Counsel for Amazon and Richard Dyce contacted counsel for Pacific Specialty Insurance Company regarding removal, and Pacific Specialty Insurance Company consents to the removal. Ex. 5.

### D.     The Filing is Timely

14.     On or about October 24, 2025, Plaintiffs filed their original Complaint in the Superior Court of Connecticut, Judicial District of New Haven (Docket No. NNH-CV25-6161653-S). See Exhibit 9 (State Court Docket). On the same date, Plaintiffs filed a Return of Service. Ex. 8.

15.     The original Complaint does not identify the amount of damages that Plaintiffs seek to recover in this lawsuit, other than the amount was in excess of $15,000. *See* Exhibit 10, original Complaint, p. 6.

16.     The original Complaint alleges claims against Pacific Specialty Insurance Company for failure to issue "contractually promised payments" based on their policy, including "Replacement Value" coverage. However, the Complaint does not allege that Pacific Specialty Insurance Company failed to make any payments in connection with the fire loss. *See* Ex. 10, Second Count, ¶¶2-5.

17.     Based on the allegations of the original Complaint, it was not clear whether the losses that Plaintiffs attribute to the subject fire would satisfy the amount in controversy requirement, particularly in light of Plaintiffs' homeowner's insurance claim with Pacific Specialty Insurance Company.

18.     Counsel for Amazon and Richard Dyce have sought information from Plaintiffs attempting to determine the amount in controversy. *See* Exhibit 11, Nov. 12, 2025 letter to counsel; Exhibits 12-13, Amazon's Nov. 13, 2025 Interrogatories of Amazon to Silvio Colagiovanni and Catherine Colagiovanni; Exhibit 14, Amazon's Jan. 26, 2026 Motion for Order of Discovery Compliance; Exhibit 15, Amazon's Jan. 26, 2026 Request to Revise; Exhibit 16, Amazon's Feb. 9, 2026 request for a ruling on its Motion for Order of Compliance; Exhibit 17, Amazon and Richard Dyces' Feb. 27, 2026 Motion for Nonsuit for Failure to Plead; Exhibit 18, Amazon and Richard Dyces' March 17, 2026 Motion for Nonsuit for Failure to Comply with Discovery Orders.

19.     On April 9, 2026, Plaintiffs filed a Revised Complaint and served Answers to Interrogatories, which clarified the specific damages sought by Plaintiff and confirmed the amount

in controversy is in excess of $75,000. <u>Ex. 1</u>, Count 1, ¶10(a)-(f); Count 2, ¶12(a)-(f); <u>Ex. 6-7</u>, No. 3.

20.    Pursuant to 28 U.S.C. § 1446 (b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3). *E.g.*, *Lucerne Capital Mgt., LP v. Arch Ins. Co.*, D. Conn., No. 3:23-CV-01129 (VAB) (Nov. 22, 2023) ("The Second Circuit has made clear that the 30-day removal clocks in Section 1446(b) are triggered only when '*the plaintiff* provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability.' " (citing *Thompson v. Rojas*, No. 21-CV-3748 (KAM) (RER), 2022 WL 4357463, at *3 (E.D.N. Y Sep. 20, 2022) (emphasis in original) (quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014))); *Dell'Aera v. Home Depot, U.S.A., Inc.*, D. Conn., No. CIVA 3:07-CV-525 VLB (July 13, 2007) (late removal appropriate where original Complaint did not contain sufficient facts to determine the claim exceeded the $75,000 jurisdictional limit); *see also Connecticut v. McGraw Hill Cos., Inc.*, 2013 WL 1759864, at *3 (D. Conn. Apr. 24, 2013) (pleadings, motions, orders and other papers referred to in Section 1446(b)(3) generally refers to papers "generated in or arising out of the state court action that is the subject of the defendant's removal petition." *Lucerne Cap.Mgmt., LP v. Arch Ins. Co.*, 2023 WL 8117847, at *4 (D. Conn. Nov. 22, 2023).

21.    Removal is timely because Amazon and Richard Dyce have filed this Notice of Removal within thirty days after Plaintiffs filed a Revised Complaint that allowed them to ascertain that the amount in controversy is in excess of $75,000, and the case is removable.

### E.    Venue of Removed Action.

22.    The District of Connecticut is the United States District Court for the district and division embracing the state court where this action was filed and is pending.  Venue is therefore proper in this Court under 28 U.S.C. § 1441(a).

### F.    Notice to the State Court.

23.    Pursuant to 28 U.S.C. § 1446(d), Amazon and Richard Dyce will promptly give notice of this filing to all parties and will file a copy of this Notice of Removal with the clerk of the Superior Court of Connecticut, Judicial District of New Haven.

### G.    Pleadings in the State Court Action

24.    Pursuant to 28 U.S.C. § 1446(a) and the District of Connecticut's *Standing Order on Removed Cases*, copies of all process, pleadings, and orders received by Amazon and Richard Dyce are attached hereto as Exhibits 1-2, 8, 10, 19-54.

### H.    Non-Waiver of Defenses.

25.    By removing this action, Amazon and Richard Dyce do not waive any defenses available to them in federal or state court, and expressly reserves the right to assert all such defenses in any responsive pleading.

26.    Amazon and Richard Dyce expressly reserve the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

27.    By removing this action from the Superior Court of Connecticut, Judicial District of New Haven, Amazon and Richard Dyce do not admit any of the allegations in Plaintiffs' Revised Complaint.  Nothing in this Notice of Removal shall be construed as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit.

8

For the foregoing reasons, Amazon and Richard Dyce respectfully request the Removal of the above-captioned matter from the Superior Court of Connecticut, Judicial District of New Haven, to the United States District Court for the District of Connecticut.

DATED: May 8, 2026

Respectfully Submitted,

The Defendants
**AMAZON.COM, INC. and**
**RICHARD DYCE**
By their Attorney,

CAMPBELL CONROY & O'NEIL, P.C.

*/s/ Curtis A. Berglund*
Curtis A. Berglund, ct #29058
cberglund@campbell-trial-lawyers.com
20 City Square, Suite 300
Boston, MA 02129
T: (617) 241-3000

## CERTIFICATE OF SERVICE

I, Curtis A. Berglund, counsel for the defendants, Amazon.com, Inc. and Ricard Dyce, hereby certify that on this 8th day of May 2026, I electronically filed the foregoing, *Notice of Removal*, with the Clerk of Court using the ECF system, which will send notice of such filing to all counsel of record.

In addition, a copy of the foregoing, *Notice of Removal,* will be served via Electronic Mail to the following counsel of record:

Michele C. Wojcik, Esq.
McAngus Goudelock & Courie LLC
120 Eastshore Drive, Suite 200
Glen Allen, VA 23059
michele.wojcik@mgclaw.com
**Counsel for Pacific Specialty Insurance Company**

In addition, a copy of the foregoing, *Notice of Removal*, will be served via FedEx Overnight on May 8, 2026 to the following counsel of record:

Edward L. Piquette, Esq.
34 Hackely Street
Bridgeport, CT 06605
**Counsel for Plaintiffs**

*/s/ Curtis A. Berglund*
Curtis A. Berglund